IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chineiqua V. Tillmon,      ) | C/A No.: 3:25-11877-MGL-SVH |
|                            ) | |
|     Plaintiff,   ) | |
|                            ) | |
| vs.                        ) | |
|                            ) | REPORT AND |
| Belk, Inc.,                ) | RECOMMENDATION |
|                            ) | |
|     Defendant.  ) | |
|                            ) | |

Chineiqua V. Tillmon ("Plaintiff"), proceeding pro se, sues Belk, Inc. alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.    Factual and Procedural Background

On September 2, 2025, Plaintiff filed a complaint on a general civil complaint form. [ECF No. 1]. On September 3, 2025, the undersigned issued an order directing Plaintiff to bring this case into proper form, including completing a complaint on the form for employment discrimination cases. [ECF No. 7]. On October 29, 2025, Plaintiff submitted an amended complaint, although not on the proper form for employment cases. [ECF No. 13].

In her amended complaint, Plaintiff alleges she was subjected to a hostile work environment and retaliation under Title VII while working as the Estee Lauder Counter Manager in the Beauty Department of Belk. Some examples of the alleged hostility and retaliation Plaintiff says she experienced are:

- Plaintiff observed her superiors making negative comments about a coworker and instructed Plaintiff to memorialize the coworker's behavior.
- On Plaintiff's day off, Aldo, the Beauty Sales Manager, "undermined" her by "causing disorganization" to her presale process.
- Aldo and Assistant Manager Ashleigh falsely accused Plaintiff of planning to quit after the holidays.
- Ashleigh ignored Plaintiff while engaging with other employees.
- Ashleigh mocked her event planning when Plaintiff had been provided less than 24 hours to prepare.

[ECF No. 10 at 3–4]. Plaintiff does not provide any details as to how Defendant's alleged conduct was discriminatory based on any protected class.

On November 7, 2025, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of her complaint and permitting her until December 1, 2025, to file an amended complaint. [ECF Nos. 16, 17]. Plaintiff has filed no responses.

II. Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying

the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Plaintiff has failed to state actionable claims under Title VII, as her complaint is devoid of factual allegations showing how she was discriminated against based on a protected class. Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To make a claim for hostile work environment under Title VII, Plaintiff must allege facts that could permit a finding that the conduct she complains of (1) was unwelcome; (2) was based on her membership in a protected class; (3) was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive work environment; and (4) was imputable to her employer. *See Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011). Here, Plaintiff's amended complaint is devoid of any allegations that the treatment complained of was based on her membership in a protected class, such as gender or national origin.

To constitute protected activity for a retaliation claim, Plaintiff must have "opposed any practice made an unlawful employment practice" as set forth in Title VII. *DeMasters v. Carilion Clinic*, 796 F.3d 409, 416 (4th Cir. 2015) (quoting 42 U.S.C. § 2000e-3(a)). District courts in the Fourth Circuit have found that complaints about conditions of employment that are not directly linked to Title VII prohibited conduct are insufficient to sustain a retaliation claim. *See Lucas v. Intercept Youth Servs., Inc.*, 2023 WL 3437812, at *5 (E.D. Va. May 12, 2023) (find that although the plaintiff opposed certain practices and conditions of employment to her employer, the plaintiff failed to oppose an unlawful employment practice under Title VII); *see Mixon v. Charlotte-Mecklenburg Sch.*, 2011 WL 5075808, at * 6 (W.D.N.C. Aug. 5, 2011) ("A mere complaint of harassment or discrimination in general, without any connection to a protected class, is insufficient."). Plaintiff has not alleged she complained of any conduct prohibited by Title VII.

Therefore, Plaintiff has failed to meet the minimum pleading requirements for a Title VII claim.

III.   Conclusion

For the foregoing reasons, the undersigned recommends this matter be summarily dismissed without leave for further amendment.

IT IS SO RECOMMENDED.

December 8, 2025  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).